**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| A.M.H., | : | |
| Petitioner, | : | |
| v. | : | Case No. 4:26-cv-719-CDL-AGH<br>28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, | : | |
| Respondents. | : | |

**ORDER**

On June 11, 2026, the Court found that an evidentiary hearing was necessary and appointed *pro bono* counsel to represent Petitioner. Order 3-4, ECF No. 5. Petitioner now seeks leave to proceed with discovery (ECF No. 15). For the reasons explained below, the Court finds that Petitioner asserts good cause for discovery and **GRANTS** Petitioner's motion.

**PROCEDURAL BACKGROUND**

Petitioner is a native and citizen of Cuba. Am. Pet. 1, ECF No. 10; 1st Scott Decl. ¶ 4 & Ex. A, ECF Nos. 12-1, 12-3. On January 4, 2026, an Immigration Judge (IJ) ordered Petitioner removed to Cuba, and Petitioner waived his right to appeal, making the IJ's order final. 1st Scott Decl. ¶ 8; Scott Decl. Ex. D, ECF No. 12-6. On September 12, 2023, Petitioner entered into Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) custody. 1st Scott Decl. ¶ 9; Scott Decl. Ex. E, ECF No. 12-7. On December 14, 2023, ICE/ERO released Petitioner from

custody on an Order of Supervision (OSUP) pending his removal. 1st Scott Decl. ¶ 1; Scott Decl. Ex. F, ECF No. 12-8. On July 10, 2025, ICE/ERO placed Petitioner back into custody during a scheduled reporting appointment, and he was subsequently transported to Stewart Detention Center in Lumpkin, Georgia. 1st Scott Decl. ¶ 12; Scott Decl. Ex. G, ECF No. 12-9.

On January 4, 2026, ICE/ERO nominated Petitioner to be repatriated to Cuba. 1st Scott Decl. ¶ 13. Two days later, on January 6, 2026, ICE/ERO served Petitioner with a notice of third country removal notifying him of ICE/ERO's intent to remove him to Mexico. *Id.* ¶ 14. ICE/ERO transferred Petitioner to El Paso, Texas for removal on February 13, 2026. *Id.* ¶ 16. Petitioner was ultimately not removed to Mexico, and the parties contest the reason for this. Respondents claim that Petitioner refused to sign ICE/ERO's third country removal notice and refused removal to Mexico. *Id.* ¶¶ 17-18. By contrast, Petitioner asserts that Mexico refused to accept him because of his advanced age and failing health. Am. Pet. 1. Following Petitioner's attempted removal, ICE/ERO transferred Petitioner back to Stewart Detention center on February 27, 2026, and served him with a Notice of Failure to Comply on April 2, 2026, which Petitioner refused to sign. *Id.* ¶¶ 19-21

The Court found that an evidentiary hearing is necessary to resolve the factual dispute surrounding Petitioner's attempted removal. Order 3-4, June 11, 2026. Thus, the Court appointed *pro bono* counsel for Petitioner. *Id.* After appointment of counsel, Petitioner filed an amended petition for writ of habeas corpus on July 6, 2026 (ECF No. 10). Petitioner contends that he should be released from ICE/ERO custody

for three reasons: (1) Respondents violated Petitioner's due process rights by revoking his OSUP without an opportunity to contest the revocation, and without knowing whether Mexico would accept Petitioner for third-country removal; (2) Respondents cannot show that there is a significant likelihood that Petitioner will be removed to Cuba in the reasonably foreseeable future (SLRRFF); and (3) ICE/ERO did not provide Petitioner with the opportunity to contest third-country removal to Mexico. Am. Pet. 2.

On July 17, 2026, Respondents filed a response in opposition. Resp'ts' Resp., ECF No. 12. Respondents argue that Petitioner was served with a notice of third-country removal and that he obstructed his own removal to Mexico. *Id.* at 4. Moreover, Respondents contend that they are continuing to seek Petitioner's removal to Cuba, Mexico, and an additional third country. *Id.* at 4-5. They further contend that Petitioner fails to meet his burden to show that his removal is not reasonably foreseeable. *Id.* at 5. For these reasons, Respondents argue that the petition should be denied. *Id.* at 8.

Petitioner filed a reply in support of his amended petition on July 24, 2026 (ECF No. 13). Additionally, Petitioner filed a motion for discovery (ECF No. 15). On August 3, 2026, Respondents filed a response in opposition to discovery (ECF No. 16), to which Petitioner replied on August 4, 2026 (ECF No. 17). Petitioner's motion for discovery is ripe for review.

**DISCUSSION**

In his motion, Petitioner contends that discovery is necessary to establish the facts surrounding Respondents' attempted removal of Petitioner to Mexico and to determine whether there is SLRRFF in Petitioner's case. Pet. Mot. for Disc. 2, ECF No. 15. Respondents counter that the discovery Petitioner seeks is "jurisdictionally barred, unsupported by Rule 6's 'good cause' requirement, and irrelevant to any cognizable habeas claim under Zadvydas." Resp'ts' Resp. in Opp. To Discovery (Disc. Opp.) 2, ECF No. 16.

The Court finds that discovery is not jurisdictionally barred. As Petitioner points out, he is not challenging "Respondents' determination that he should be removed[.]" Pet'r's Reply 1, ECF No. 17. Rather, he is challenging Respondents' "right to sidestep due process" by continuing to detain Petitioner past the presumptively reasonable six-month period without evidence of SLRRFF. *Id.* And challenges to unlawful detention are not barred by 8 U.S.C. § 1252(g). *See Jennings v. Rodriguez*, 583 U.S. 281, 292-95 (2018) (holding that § 1252(b)(9) did not bar a challenge to detention without a bond hearing); *Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006) (holding that § 1252(g) does not bar a challenge to "detention and impending removal"). Thus, Petitioner's *Zadvydas* claim is directly cognizable in habeas, an action over which this Court has jurisdiction.

Additionally, the Court finds that there is good cause for discovery given the present material factual dispute surrounding Respondents' attempt to remove Plaintiff. These facts are critical to establishing whether there is SLRRFF and/or a

failure to comply, the central questions before the Court. Moreover, the Court finds that an evidentiary hearing is necessary to resolve these questions. A period of discovery before the evidentiary hearing will significantly aid the Court in its fact-finding obligation because such discovery will assist the parties in their presentation of evidence at the hearing.

For these reasons, the Court finds that discovery is necessary and **GRANTS** Petitioner's motion (ECF No. 15).

## I. Discovery

### A. Scope of Discovery

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Graml*ey, 520 U.S. 899, 904 (1997). However, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery" in a habeas proceeding. Rule 6(a), Rules Governing Section 2254 Cases.[1] If discovery is warranted, "Rule 6(a) makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court." *Bracy*, 520 U.S. at 909.

Under the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, . . . the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to petitions brought under 28 U.S.C. § 2241. *Annamalai v. Warden*, 760 F. App'x 843, 849-50 (11th Cir. 2019) (citing Rule 1(b), Rules Governing Section 2254 Cases).

> issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The Court applied this standard in evaluating Petitioner's requested discovery as set forth in Petitioner's motion for discovery. Pet'r's Mot. for Disc. Ex.1 (Pet'r's Disc.), ECF No. 15-2.

Petitioner seeks discovery to resolve three specific factual disputes: (1) "Whether there is a significant likelihood of Petitioner's removal to Cuba or to a third country in the reasonably foreseeable future"; (2) "Whether Mexico refused to accept Petitioner because of his age and health issues or for some other reason"; and (3) "Whether ICE/ERO complied with due process and regulatory requirements in revoking Petitioner's Order of Supervision ("OSUP") in July of 2025." Pet'r's Disc. 2. Petitioner's twelve interrogatories and twelve requests for production are all sufficiently related to these three categories. Pet'r's Disc. 9-10, 17-18. Upon review, the Court finds that Petitioner's discovery requests are relevant and proportional to the needs of the case. Therefore, the parties shall proceed with discovery as directed below.

B. Discovery Schedule

Having considered Petitioner's proposed discovery schedule, the Court orders that discovery shall proceed as follows:

1. Within twenty-four hours of the date of this Order, Petitioner shall serve the discovery requests as approved herein by the Court on Respondents;
2. Within twenty-one days of the service of Petitioner's discovery requests, Respondents shall serve their responses;

3. Any motion to compel regarding discovery shall be filed one week after production, with any response due one week after filing of the motion, and production of any remaining discovery made one week after entry of the Court's order resolving the motion; and

4. Respondents shall promptly supplement their discovery responses with any further responsive information or documents as they discover new evidence.

## CONCLUSION

For the reasons explained above, the Court shall provide Petitioner with a limited period of discovery. Discovery shall proceed on the schedule directly above and within the limits articulated in this Order. The Court will set an evidentiary hearing by separate order at a later date. Both parties shall have the opportunity to elicit in-court testimony at the hearing, if desired.[2]

SO ORDERED, this 26th day of August, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

[2] In light of this order, Petitioner's motion for a discovery/status conference (ECF No. 18) is **DENIED** at this time.